UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERMAINE CARL DAVIS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-1389-JD-JEM |

OPINION AND ORDER

Jermaine Carl Davis, a prisoner without a lawyer, filed a habeas petition challenging the disciplinary decision (ISP-25-2-437) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of possessing a weapon in violation of Indiana Department of Correction Offense 106. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

"[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009). According to the petition, Davis did not receive any sanctions as a result of this hearing that affected the duration of his sentence, such as a loss of earned credit time or a demotion in credit class. Because Davis' claims do not relate to the fact or duration of his sentence, the court cannot grant him habeas relief.

Nor does it appear that Davis' claims otherwise have merit. In the petition, Davis argues that he is entitled to habeas relief because the conduct report states that only Officer Pliley and Sergeant Muniz participated in the search of his cell, while the related confiscation form was signed by Officer Dean. The court construes this argument as an argument that the administrative record lacked sufficient evidence to support the finding of guilt.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

The administrative record contains a conduct report in which Officer Pliley presented that he and Sergeant Muniz found a makeshift knife in the toilet of Davis' cell. ECF 1-1 at 1-2. It also contains a confiscation form, which indicates that Officer Dean had confiscated the knife from Davis. *Id.* at 3. At the hearing, Officer Pliley explained that Officer Dean was also present during the shakedown as a trainee. *Id.* at 4.

The conduct report and the confiscation form constitute some evidence that Davis possessed a weapon in his cell as charged. Further, though the conduct report

does not mention Officer Dean as a search participant, it also does not affirmatively indicate that Officer Pliley and Sergeant Muniz were the only officers present during the search. Moreover, even if the documents squarely contradicted each other on Officer Dean's presence, it is unclear how this discrepancy would materially undermine Officer Pliley's central message that correctional staff found a makeshift knife in Davis' cell. Therefore, this claim is not a basis for habeas relief.

Davis also argues that he is entitled to habeas relief because Officer Pliley told him that "if [Davis] keeps filing grievances, he will keep finding knives in [Davis'] cell." ECF 1 at 2. "Prisoners are entitled to be free from arbitrary actions of prison officials. The protections against this arbitrary action, however, are the procedural due process requirements as set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974)." *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). Further, "retaliatory motive in the filing of a disciplinary charge is not a ground for relief if the subsequent disciplinary proceedings are held in accordance with due process." *Lee v. Berge*, 14 F. App'x 690, 693 (7th Cir. 2001); *see also McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999) ("[E]ven assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process."). Because retaliatory motive is not a valid basis for habeas relief, the court denies this claim.

Because the petition contains no valid claims, the court will deny the habeas petition. If Davis wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma*

*pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Jermaine Carl Davis leave to proceed *in forma pauperis* on appeal.

SO ORDERED on October 13, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT